Matthew S. Parmet (CSB # 296742)
Jane M. Braugh (CSB # 214425)
PARMET PC
340 S. Lemon Ave., #1228
Walnut, CA 91789
Phone: 713-999-5228
Fax: 713-999-1187
matt@parmet.law

Jane M. Braugh (CSB # 214425)
PARMET PC
490 S. Fair Oaks Ave.
Pasadena, CA 91105
Phone: 713-999-5228
Fax: 713-999-1187
jane@parmet.law

*Local Counsel for Plaintiff and Putative Class Members*

Don Foty (TX Bar No. 24050022)
HODGES & FOTY, LLP
4409 Montrose Blvd, Suite 200
Houston, Texas 77006
Phone: (713) 523-0001
Fax:    (713) 523-1116
Email: dfoty@hftrialfirm.com
(Will apply for *pro hac vice* admission)

*Counsel for Plaintiff and Putative Class Members*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMES LIAN, on Behalf of Himself and on Behalf of All Others Similarly Situated** §<br>§<br>§ | |
| **Plaintiff,** §<br>§ | **CIVIL ACTION NO. 8:20-cv-00736** |
| **V.** §<br>§<br>§ | **CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF** |
| **SAFEGUARD PROPERTIES MANAGEMENT, LLC,** §<br>§<br>§ | |
| **Defendant.** §<br>§<br>§ | 1. **Failure to Pay Minimum Wage (Violation of California Labor Code §§ 1182.11, 1194, et seq.,** |

§     **IWC Wage Order No. 9, Minimum Wage Order** )
§
§
§    2.  **Failure to Pay Overtime (Violation of California Labor Code §§ 510, 558, 1194; and IWC Wage Order 4-2001)**
§
§
§
§    3.  **Failure to Provide Off-Duty Meal and Rest Periods (Cal. Labor Code §§ 218.5, 226.7, 512; IWC Wage Order 4-2001)**
§
§
§
§    4.  **Failure to Provide Itemized Wage Statements (Cal. Labor Code § 226)**
§
§    5.  **Failure to Provide Wages Upon Separation of Employment (Cal. Labor Code §§ 201-203)**
§
§
§    6.  **Failure to Reimburse for Necessary Expenditures (Cal. Labor Code § 2802)**
§
§
§    7.  **Unfair Competition (Violation of Cal. Business and Professions Code, § 17200, *et seq.*)**
§
§
§    8.  **Declaratory Judgment (28 U.S.C. §§ 2201-02)**
§
§
§    9.  **Failure to Pay Minimum Wage (Violation of Fair Labor Standards Act, 29 U.S.C. § 206)**
§
§
§

## <u>PLAINTIFF'S CLASS ACTION AND COLLECTIVE COMPLAINT</u>

## I.    <u>INTRODUCTION</u>

1.    This is a class action lawsuit brought by Plaintiff James Lian ("Plaintiff") on behalf of himself and all others similarly situated. Defendant Safeguard Properties Management, LLC

("Defendant") misclassified Plaintiff as an independent contractors instead of as an employee. As a result of this misclassification, Defendant has unlawfully required Plaintiff and the Class Members to pay business expenses (including but not limited to the cost of maintaining his vehicles, gas, insurance, phone and data expenses, and other costs) in violation of Cal. Lab. Code § 2802. Defendant has also failed to guarantee and pay the Plaintiff and Class Members the minimum wage for all hours worked and has failed to pay overtime premiums for hours worked in excess of eight hours per day or forty hours per week in violation of Cal. Lab. Code §§ 1182.12, 1194.2, 1194, 1197, 1197.1, 1198, 1199, 510 and 554. Defendant has also failed to provide proper itemized wage statements that include all the requisite information, including hours worked and hourly wages in violation of Cal. Lab. Code § 226(a). Defendant's continued misclassification of the Plaintiff and Class Members as independent contractors is a willful misclassification in violation of Cal. Labor Code § 226.8.

2.     Indeed. the California legislature has now passed a statute known as Assembly Bill 5 (or "A.B. 5"), which codifies the 2018 California Supreme Court decision, *Dynamex Operations W., Inc. v. Superior Court*, 4 Cal. 5th 903, 416 P.3d 1 (2018), *reh'g denied* (June 20, 2018), under which an alleged employer cannot justify classifying workers as independent contractors who perform services within its usual course of business. It has been widely recognized by the California legislature, including the bill's author, that the purpose and intent of this statute is to ensure that companies stop misclassifying their workers as independent contractors. Nevertheless, Defendant has continued to misclassify the Plaintiff and Class Members as independent contractors.  This ongoing defiance of the law constitutes a willful violation of California law.

3.     Plaintiff brings these claims on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23. He seeks the recovery of damages for himself and the Class, as well as declaratory and injunctive relief, requiring Defendant to reclassify the Plaintiff and Class Members as employees in California.

4.     Likewise, Defendant's conduct violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*  By misclassifying the Plaintiff and Class Members as independent contractors, they were denied pay at the federal minimum wage rate for all hours worked.

5. Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours worked at least at the federal minimum wage rate. *See* 29 U.S.C. § 206(a). On behalf of himself and all other similarly situated employees, Plaintiff bring this action as a collective action under the FLSA, 29 U.S.C. § 216(b).

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*. The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

5. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business activities in the state of California. Defendant has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendant is, therefore, consistent with the constitutional requirements of due process.

6. Specifically, Defendant employs residents of California, contracts with customers in California, and maintains a significant business presence in this state.

7. The causes of action in this suit arises from and relates to the contacts of Defendant with the state of California, specifically Defendant's employment of California residents and its subsequent failure to pay those residents in accordance with California law.

8. A substantial part of the events or omission which give rise to the claims occurred in this District. Specifically, Plaintiff worked in this District, was misclassified in this District, and was denied the wages to which he was legally entitled in this District.

## III.   PARTIES AND PERSONAL JURISDICTION

9. Plaintiff is an individual residing in California. He worked for Defendant in Inland Empire, California within the past four years.

10. The "California Class Members" are all current and former Field Inspectors and all workers in substantially similar positions in California classified as independent contractors during the four-year period prior to the filing of this Complaint to the present.

11. The "FLSA Class Members" are all current and former Field Inspectors and all workers in substantially similar positions in California classified as independent contractors during the four-year period prior to the filing of this Complaint to the present.

12. Defendant Safeguard Properties Management, LLC is a foreign limited liability company doing business in California. Defendant may be served process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833.

## IV.    **FACTS**

13. Defendant is a company that provides various home and property inspections. As its website states, Defendant provides home interior inspections, exterior home inspections, insurance loss inspections, FEMA inspections, and other types of inspections. For example, Defendant describes its interior inspection services as follows: "Our Field Inspectors verify the occupancy status, in addition to providing a detailed description of the exterior condition of the property." (*See* https://safeguardproperties.com/services/#property-inspection, last visited April 8, 2020).

14. To provide these inspection services, Defendant employs "Field Inspectors" across California.

15. Plaintiff worked for Defendant as a Field Inspector from June 2016 to July 2017. Plaintiff worked in the Inland Empire area performing inspections. He performed mortgage field service inspections and foreclosure inspections. He worked approximately 8-12 hours per day.

16. As Field Inspectors, Plaintiff and the Class Members travelled to different locations to inspect homes and property. They completed inspection reports using an application that Defendant designed called INSPI. The INSPI application had reports that the Plaintiff and Class Members were required to complete. Through INSPI, the Plaintiff and Class Members detailed standardized information regarding the property type, occupancy status, potential hazards, damage

to the property, the detached structures, and other information.  The Plaintiff and Class Members would also upload pictures of the property into the INSPI application.  The inspection reports that the Plaintiff and Class Members were required to complete were standardized and located in INSPI.

17.     For their work, they were paid a pre-established rate per inspection.

18.     They were not allowed to negotiate the amount they were paid.  Instead, their pay was offered on a "take it or leave it" basis.

19.     Further, Plaintiff and the Class Members were required to drive to different properties to inspect.  They were not reimbursed for their mileage.  They were also required to use their cell phones for work to take pictures, call homeowners, and use the INSPI application.

20.     When inspecting homes, the Plaintiff and Class Members were required to follow strict policies and procedures set by Defendant.  If they did not perform an inspection according to Defendant's policies and procedures, Defendant would punish the housing Field Inspectors by not paying them for the inspection.  Additionally, Defendant graded the Plaintiff and Class Members on how well they performed an inspection and completed the reports.  If their scores were too low, they would no longer be able to perform inspections.

21.     Prior to performing their work for Defendant, the Plaintiff and Class Members were required to complete an application and submit to a background check.  If they met Defendant's requirements, they were hired.

22.     Further, before they could work for Defendant, the Plaintiff and Class Members were required to complete Defendant's training program.  There was online training that Defendant required the Plaintiff and Class Members to complete.

23.     Defendant also provided standard operating procedures to the Plaintiff and Class Members that they were required to follow.

24.     While working in the field, the Plaintiff and Class Members were subject to Defendant's control.  Defendant would review their work, make corrections, and issue instructions.

25.     Plaintiff and the Class Members worked long hours, often through the night, to perform their work.

26.     Plaintiff and the Class Members routinely worked in excess of 8 hours in a day.

27.     Plaintiff and the Class Members were non-exempt employees.

28.     Plaintiff and the Class Members were paid on a piece rate basis where their pay depended upon the number of inspections.

29.     However, Defendant misclassified Plaintiff and the Class Members as independent contractors instead of as employees.

30.     As a result, Plaintiff and the Class Members were not paid at least at the minimum wage rate for all hours worked or overtime wages when they worked more than 8 hours in a day.

31.     Plaintiff and the Class Members were never independent contractors, but were at all times employees of Defendant.

32.     Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform their work – including assigning the properties to inspect and the time period when the inspections were required to be completed.

33.     Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

   a.     Plaintiff and Class Members were paid a non-negotiable piece rate;

   b.     Plaintiff and Class Members had no control over what jobsite they were assigned;

   c.     Plaintiff's and Class Members' services were integrated into Defendant's operations;

   d.     Plaintiff and Class Members worked for Defendant for long and indefinite periods of time as is common with employees; and

   e.     Defendant had specific rules that Plaintiff and Class Members were required to follow when performing their inspections and were required to use Defendant's INSPI application when performing the inspections.

34.     Plaintiff and the Class Members were the workforce without which Defendant could not provide its services.  Plaintiff and the Class Members were not independent business owners, but were dependent upon the work of Defendant to earn income.

35.     Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

36.     Defendant's method of paying the Plaintiff and Class Members in violation of the California Labor Code and the Fair Labor Standards Act was willful and was not based on a good faith and reasonable belief that its conduct complied with the law.

37.     On April 30, 2018, the California Supreme Court issued its decision in *Dynamex Operations W., Inc. v. Superior Court*, 4 Cal. 5th 903, 416 P.3d 1 (2018), *reh'g denied* (June 20, 2018), which made clear that the Plaintiff and Class Members should have been classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes like the ones at issue here. Under the "ABC" test adopted in *Dynamex*, in order to justify classifying the Plaintiff and Class Members as independent contractors, Defendant would have to prove that the Plaintiff and Class Members performed services outside Defendant's usual course of business (in addition to other requirements), which Defendant cannot do.

38.     In fact, the California legislature has now taken steps to clarify and codify the *Dynamex* decision by passing A.B. 5, which has been passed by the California legislature and signed into law by the governor. A.B. 5 is effective as of January 1, 2020, and has amended the Labor Code to include Section 2750.3, which mandates that the "ABC" test for misclassification applies for the purposes of the Labor Code, the Unemployment Insurance Code, and for the Wage Orders. *See* Cal. Lab. Code. § 2750.3(a). Notwithstanding, Defendant has continued to misclassify the Plaintiff and Class Members as independent contractors.

39.     Accordingly, Defendant's conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

40.     Moreover, Defendant failed to reimburse Plaintiff and the Class Members for their work-related expenses.  Plaintiff and the Class Members traveled to various properties in their personal vehicles.   However, Defendant failed to reimburse the costs of operating these personal vehicles for work, including all associated gas, insurance, and mileage expenses.  Plaintiff and the Class Members were also required to use their personal cell phones for work, as noted above. They were not reimbursed for their cell phone use or the costs they incurred to use the internet.  Plaintiff

and the Class Members incurred these costs as a necessary expenditure to work for Defendant and thus, Defendant should have paid for those costs.

41.     Defendant also did not provide Plaintiff with a meal or rest break.  Instead, Plaintiff was assigned tasks by Defendant and given a certain amount of time to complete those tasks. Defendants did not provide any time for Plaintiff to take a meal or rest break during the workday.

42.     Likewise, Defendant did not provide the Class Members with a meal or rest break. They too were assigned tasks by Defendant and were given a set amount of time to complete those tasks.  Defendant did not provide any time for them to take a meal or rest break.

43.     Defendant also failed to provide the Plaintiff and Class Members with proper itemized wage statements that included all the requisite information required by California law, including the number of hours worked, the hourly wage rate, and any deductions from wages.

## V.     <u>CLASS ALLEGATIONS</u>

44.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class, which is comprised of:

> **All current and former Field Inspectors and all workers in substantially similar positions in California classified as independent contractors during the four-year period prior to the filing of this Complaint to the present.**

45.     <u>Numerosity</u>.  The number of members in the Class is believed to exceed forty.  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Class will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Class and Defendant.

46.     <u>Typicality</u>.  Plaintiff's claims are typical of the Class because like the members of the Class, Plaintiff was subject to Defendant's uniform policies and practices and were compensated in the same manner as others in the Class.  Defendant failed to pay the Class Members

minimum wages, overtime compensation, and reimbursed expenses.  Plaintiff and the Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with California law.  As such, Plaintiff's claims are typical of the claims of the Class.  Plaintiff and all members of the Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

47.  <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Class because it is in his interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Class he seeks to represent.

48.  <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

    a.  Whether Plaintiff and the Class Members were paid the minimum wage;

    b.  Whether Plaintiff and the Class Members incurred work related expenses;

    c.  Whether Plaintiff and the Class Members were issued proper wage statements;

    d.  Whether Plaintiff and the Class Members worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

    e.  Whether Defendant failed to pay the Plaintiff and Class Members overtime wages for all hours worked over eight (8) hours in a day and/or forty (40) hours in a workweek;

    f.  Whether Defendant failed to provide or authorize meal periods and rest periods for Plaintiff and the Class Members;

    g.  Whether Defendant failed to keep accurate records of employees' hours of work and hourly wages, and failed to timely furnish each Plaintiff and Class Member with a statement accurately showing the total number of hours worked and wages earned each pay period; and

h.   Whether Defendant has failed to timely pay employees unpaid wages and overtime due upon their separation from employment with the Company.

49.   The common issues of law include, but are not limited to:

a.   Whether Plaintiff and the Class Members were employees or independent contractors;

b.   Whether Plaintiff and the Class Members, who are no longer employed by Defendant, are entitled to waiting time penalties for Defendant's failure to pay all their wages upon termination of their employment;

c.   Whether Defendant's policies and practices provide and authorize meal and rest periods in compliance with California law;

d.   Whether Defendant's pay records comply with California law;

e.   Whether Plaintiff and the Class Members are entitled to compensatory damages;

f.   The proper measure of damages sustained by Plaintiff and the Class Members; and

g.   Whether Defendants' actions were "willful."

50.   <u>Superiority</u>.   A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

51.   A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the Class by mail, electronic mail,

text message, print, broadcast, internet and/or multimedia publication. The identity of members of the Class is readily identifiable from Defendants' records.

52. This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated the Plaintiff and Class Members; and (3) the burden is on Defendant to accurately record hours worked by employees and meal periods taken. Ultimately, a class action is a superior form to resolve the claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the Class Members per applicable California laws.

## VI.   COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff has actual knowledge that the FLSA Class Members have also been denied pay at the federal minimum wage rate. Plaintiff worked with and communicated with other Field Inspectors, and as such, has personal knowledge of their existence, duties, pay structure, and classification as independent contractors.

54. Other employees similarly situated to the Plaintiff worked for Defendant in a similar capacity and were paid under the same piece rate system.

55. Defendant has employed numerous Field Inspectors throughout the California during the last three years, who were paid on a piece rate basis and classified as independent cotnractors.

56. As such, the "FLSA Class" is properly defined as follows:

**All current and former Field Inspectors and all workers in substantially similar positions in California classified as independent contractors during the three-year period prior to the filing of this Complaint to the present.**

57. Plaintiff is representative of the FLSA Class Members in that he has performed similar job duties, was paid under the same pay structure, and was misclassified as an independent contractor.

58. FLSA Class Members have performed the same or similar work as the Plaintiff.

59.     FLSA Class Members also used their personal vehicles, personal cell phones, and home internet while working for Defendant without reimbursement

60.     FLSA Class members were not paid at the federal minimum wage rate for all hours worked.

61.     The policy of illegally classifying these Field Inspectors as independent contractors violates the FLSA with respect to Plaintiff and the FLSA Class Members.

62.     As such, FLSA Class Members are similar to the Plaintiffs in terms of pay structure and/or the violation of the FLSA.

63.     The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the FLSA Class Members.

64.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

65.     Although the exact amount of damages may vary among FLSA Class Members, the damages for can be easily calculated by a simple formula.   The claims of all FLSA Class Members arise from a common nucleus of facts.    Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

66.     The similarly situated FLSA Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' records.  They should be notified and allowed to opt into this action pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for minimum wage compensation, liquidated damages and/or prejudgment interest, and attorneys' fees and costs.

67.     Unless the Court promptly issues such notice, the numerous similarly situated current and former Field Inspectors in California who have been misclassified in violation of the FLSA will be unable to secure the unpaid wages which has been unlawfully withheld by Defendants.

## VII.   CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Failure to Pay Minimum Wage**

**(Violation of Cal. Lab. Code §§ 1197, 1194, 1182.12, 1194.2, 1197.1, 1199;**

**Wage Order 9-2001; San Francisco Minimum Wage Ordinance;**

**Los Angeles Citywide Minimum Wage Ordinance;**

**Los Angeles County Minimum Wage Ordinance)**

**On Behalf of Plaintiff and the Class Members**

68.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

69.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, in failing to ensure the Plaintiff and Class Member received the minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197, 1194, 1182.12, 1194.2, 1197.1, 1199, 2750.3 and Wage Order 9-2001 (as well as the higher minimum wage rates established by the San Francisco Minimum Wage Ordinance, the Los Angeles Citywide Minimum Wage Ordinance, and the Los Angeles County Minimum Wage Ordinance, for those Field Inspectors who worked in those jurisdictions).  This claim is brought on behalf of a class of similarly situated individuals in the state of California.  Plaintiff and the Class Members are entitled to damages in the amount of their unpaid minimum wages, reasonable attorneys' fees and costs, injunctive relief, and other such legal and equitable relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF

**Failure to Pay Overtime**

**(Wage Order No. 4-2001; California Labor Code §§ 510, 558, 1194)**

**On Behalf of Plaintiff and the Class Members**

70.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

71.     Since at least four years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for overtime worked at one-and-a-half times their regular rates of pay for hours worked more than eight (8) hours per day or forty (40) hours per

workweek, and double-time for hours worked more than twelve (12) hours per day.  Defendant was also required to pay one-and-a-half times the regular rate for the first eight (8) hours worked on the seventh day of a workweek.

72.     At all relevant times, Defendant operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay the Field Inspectors for overtime at the rates required by California Labor Code § 510 and Wage Order No. 4-2001.

73.     Defendant knew or clearly should have known that Plaintiff and the Class Members were employees and not independent contractors, and thus, were entitled to overtime pay.

74.     Defendant routinely required Plaintiff and the Class Members to work more than eight (8) hours per day or forty (40) hours per workweek and work on the seventh day of a workweek.  Despite the provisions of California's overtime law, Defendant has willfully failed and refused to pay the Class, including Plaintiff, overtime wages for any of the overtime hours they worked since four years prior to this lawsuit being filed.

75.     The Class Members, including Plaintiff, have been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

76.     Defendant regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by the California Labor Code §§ 226 and 1174, with respect to the Field Inspectors.  Through this unlawful course of conduct, Defendant has deprived and continues to deprive Plaintiff and the Class Members of records necessary to calculate with precision the overtime compensation due to them.

77.     Defendant's conduct violates California Labor Code §§ 510 and 1194.  Therefore, pursuant to California Labor Code § 1194, the Class, including Plaintiff, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to California Labor

Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

### THIRD CLAIM FOR RELIEF

#### Failure to Provide Off-Duty Meal and Rest Periods

#### (Wage Order No. 4-2001; California Labor Code §§ 218.5, 226.7, 512)

#### On Behalf of Plaintiff Gonzalez Ruiz and the California Class

78.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

79.     Throughout the relevant statute of limitations, Defendant operated under and continues to operate under a common policy and plan of failing and refusing to afford Plaintiff and the Class Members at least one half-hour meal period in which they were relieved of all duties after five hours of work and a second meal period after ten hours of work, as defined by IWC Wage Order No. 4-2001 and Labor Code §§ 226.7 and 512.

80.     Plaintiff and the Class Members were regularly expected to work during lunch and other breaks.

81.     Defendant violated the meal and rest period laws by forcing Plaintiff and the members of the Class to work through long hours without the required meal periods.

82.     Plaintiff and the members of the Class sue for all damages allowed under the law including statutory penalties for each such violation.  *See* IWC Wage Order 4-2001 and Cal. Lab. Code § 226.7.

83.     Defendant is liable for forcing Plaintiff and the Class Members to work during the meal period mandated after 5 hours of work for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the first required meal period to each Class Member.

84.     Defendant is further liable for forcing Plaintiff and the Class Members to work during the second meal period mandated after ten hours of work for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the second required meal period to each Class Member.

85.     Plaintiff and the Class Members were regularly compelled to work over a four (4) hour period (or major fraction thereof) without Defendant authorizing and permitting them to take paid ten (10) minute rest periods during which they were relieved of all duties, as required by IWC Wage Order 4-2001 § 12(A) and Labor Code § 226.7.

86.     Defendant is further liable for forcing Plaintiff and the Class Members to work during the first required rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the first required rest period to each Class Member.

87.     Defendant is further liable for forcing Plaintiff and the Class Members to work during the second rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the second required rest period to each Class Member.

88.     Defendant is further liable for forcing Plaintiff and the Class Members to work during the third rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the third required rest period to each Class Member.

89.     Defendant is liable for unpaid wages and statutory penalties pursuant to IWC Wage Order 4-2001 and Labor Code § 226.7.

90.     Plaintiff and the Class Members are entitled to damages in the amount of their unpaid premium wages, reasonable attorneys' fees and costs, injunctive relief, and other such legal and equitable relief as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

### Failure to Reimburse Plaintiff for Necessary Expenditures

### (California Labor Code § 2802)

### On Behalf of Plaintiff and the Class Members

91.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

92.     At all times material to this Complaint, Plaintiff and the Class Members were required to drive their personal vehicles on behalf of Defendant in the course and scope of their

employment.  They were not reimbursed for mileage and other expenses related to the use of their personal vehicles. Likewise, Defendant failed to reimburse Plaintiff and the Class Members for use of their cell phones, data plans, internet connections, and other expenses that benefited Defendant, all of which were required to perform their jobs.

93.    At all times material to this Complaint, Defendant was subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

94.    As a proximate result of Defendant's policies in violation of Labor Code § 2802, Plaintiff and the Class Members sustained actual and pecuniary damages.

95.    Plaintiff and the Class Members are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

96.    Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions.  Interest shall accrue from the date on which the employee incurred the necessary expenditure.  Plaintiff and the Class he represents are entitled to said interest.

### **FIFTH CLAIM FOR RELIEF**

**Failure to Furnish Wage Statements**

**(California Labor Code §§ 226)**

**On Behalf of Plaintiff and the Class Members**

97.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

98.    Defendant knowingly and intentionally failed to furnish and continues to fail to furnish Plaintiff and each Class Member with timely, itemized statements that accurately reflect – among other things – the total number of hours worked and wages earned, as mandated by the California Labor Code § 226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked.

99.     As a result, Defendant is liable to Plaintiff and each of the Class Members for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

100.     Plaintiff and the Class Members are also entitled to reasonable attorneys' fees and costs pursuant to California Labor Code § 226(e).

<u>SIXTH CLAIM FOR RELIEF</u>

**Failure to Pay All Wages Upon Separation from Employment**

**(California Labor Code §§ 201, 202, 203)**

**On Behalf of Plaintiff and the Class Members**

101.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

102.     California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

103.     Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

104.     During all relevant times, Defendant knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff and the Class Members who are no longer employed by Defendant all wages owed as alleged herein.  Defendant is therefore liable to Plaintiff and the Class Members who are no longer employed by Defendant for waiting time penalties as required by California Labor Code §§ 203 and 218.

105.     Plaintiff on behalf of himself and on behalf of the members of the Class who are no longer employed by Defendant, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

1
2
3
4

### SEVENTH CLAIM FOR RELIEF

**Unlawful and/or Unfair Competition Law Violations**

**(California Business & Professions Code §§ 17200-17208)**

**On Behalf of Plaintiff and the Class Members**

106.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

107.     California Business & Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

108.     Plaintiff brings this cause of action on behalf of himself and as a representative of all others subject to Defendant's unlawful acts and practices.

109.     During all relevant times, Defendant committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  Defendant's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay minimum wages, failing to provide and authorize mandated meal and rest periods, and failing to pay all wages upon termination in violation of California law, as described throughout this Complaint.

110.     As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff and the Class Members.  Defendant must disgorge these ill-gotten gains and restore to Plaintiff and the Class Members all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

111.     Plaintiff, on behalf of himself and on behalf of the members of the Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

### EIGHTH CLAIM FOR RELIEF

**Declaratory Judgment**

**(Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201)**

**On Behalf of Plaintiff and the Class Members**

112.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

113.    An actual controversy of sufficient immediacy exists between the Parties as to whether Defendant has failed to comply with its obligations under the California Labor Code, as described above.  Defendant's conduct in misclassifying its Field Inspectors, including Plaintiff, as independent contractors, failing to ensure that they are reimbursed for their necessary business expenditures, failing to ensure that they receive minimum wage for all hours worked, overtime pay, and other protections of California's Labor Code and Wage Orders, contravenes California state law, including the newly enacted A.B. 5 and Cal. Lab. Code § 2750.3(a).

114.    As a result of the factual allegations above, Plaintiff and all Class Members have suffered actionable harm, as they have not been properly compensated for their work.  Plaintiff seeks an order of this Court pursuant to 28 U.S.C. §§2201-02 and Fed. R. Civ. P. 57 declaring that, as a result of this misclassification of its workforce, Defendant has violated the California Labor Code and Wage Orders and declaring that Defendant must comply with the Labor Code and Wage Orders.

115.    The injunction that Plaintiff seeks is in the nature of a public injunction and is not solely for the benefit of himself and other Field Inspectors. Instead, ordering Defendant to comply with the California Labor Code is in the public interest because Defendant's violation of the Labor Code and Wage Orders diminishes labor standards in the California economy. Complying competitors are put at a disadvantage when companies such as Defendant flout the Labor Code and Wage Orders by misclassifying their employees as independent contractors. Public funds are also impacted by these violations because the state incurs costs in supporting and providing services to employees who are not properly paid and do not even receive minimum wage. The California Supreme Court made a strong statement in the recent *Dynamex* decision - and the California legislature has now reinforced that statement by passing Assembly Bill 5 - of the

importance to the public good of employers properly classifying their workers as employees. That public interest is harmed by an employer, such as Defendant, ignoring the decision and continuing to classify its employees as independent contractors.

## NINTH CLAIM FOR RELIEF

### Failure to Pay Minimum Wage

### (Violation of 29 U.S.C. § 206 – Fair Labor Standards Act)

### On Behalf of Plaintiff and the Class Members

116.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

117.   Plaintiff realleges and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, in failing to ensure the Plaintiff and Class Member received pay at the federal minimum wage rate for all hours worked violates the Fair Labor Standards Act.  This claim is brought on behalf of a class of similarly situated individuals in the state of California.  Plaintiff and the Class Members are entitled to damages in the amount of their unpaid minimum wages, reimbursement for work related expenses, liquidated damages, reasonable attorneys' fees and costs, injunctive relief, and other such legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Class Members, prays for relief as follows:

1.   Declare that Defendant's actions described in this Complaint violate the rights of Plaintiff and the Class Members;

2.   Declare and find that Defendant has violated the FLSA, Wage Order 9-2001, the UCL, and Cal. Lab. Code 226(a), 226.3, 226.7, 510, 558, 1184.12, 1194, 1194.2 1197. 1197.1, 1199, 1198, 2802, 2750.3 the Los Angeles Citywide Minimum Wage Ordinance, the Los Angeles County Minimum Wage Ordinance, and the provisions of A.B. 5;

3.   Certifying that this action as a class action under Fed. R. Civ. P. 23;

4.   Certifying that this action is a collective action under the FLSA;

5.      Preliminary, permanent, mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

6.      Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

7.      Awarding liquidated damages, restitution, and/or statutory penalties to be paid by Defendant for the causes of action alleged herein;

8.      Award pre- and post-judgment interest;

9.      Award reasonable attorneys' fees, costs, and expenses; and

10.     Award any other relief to which the Plaintiff and the Class may be entitled.

Respectfully submitted,

PARMET PC

By:   /s/ Matthew S. Parmet
Matthew S. Parmet
CSB # 296742
340 S. Lemon Ave., #1228
Walnut, CA 91789
Phone: 713-999-5228
Fax: 713-999-1187
matt@parmet.law

Jane M. Braugh
CSB # 214425
PARMET PC
490 S. Fair Oaks Ave.
Pasadena, CA 91105
Phone: 713-999-5228
Fax: 713-999-1187
jane@parmet.law

HODGES & FOTY, L.L.P.

Don J. Foty
(will apply for admission *pro hac vice*)
dfoty@hftrialfirm.com
Texas State Bar No. 24050022
4409 Montrose Blvd, Ste. 200

Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

Attorneys for Plaintiff and Class Members